IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERESA A. MIALE , | ) |
| Plaintiff, | ) |
| | ) |
| v | ) 2:11-cv-1532 |
| | ) |
| MICHAEL J. ASTRUE | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Now pending before the Court is DEFENDANT'S MOTION TO REMAND (Document No. 16) filed by the Commissioner of Social Security ("Commissioner"). Plaintiff Teresa Miale ("Miale") has filed a response in opposition to the motion (Document No. 19) and it is ripe for disposition.

Miale brought this case to obtain judicial review of the Commissioner's decision to deny her claim for disability insurance benefits. The Commissioner believes that the case should be remanded, pursuant to the fourth sentence of 42 U.S.C. § 405(g), to an administrative law judge ("ALJ") for further evaluation, to include: (1) additional vocational expert ("VE") testimony concerning the transferability of Miale's past work skills; and (2) issuance of a new decision. Defendant also requests entry of a separate judgment order to end this case.

Miale agrees that the case should be remanded, but contends that remand should be for the sole purpose of awarding benefits. Miale contends that the Medical-Vocational Guidelines ("Grid Rules"), 20 C.F.R. Part 404, Subpart P, Appendix 2, mandate a finding that Miale is disabled. Miale asserts that the ALJ has conclusively determined that she is limited to the performance of unskilled work. Accordingly, Miale argues that the ALJ should have used Grid

Rule 202.06 (which directs a finding of "disabled"), rather than Grid Rule 202.07.

The ALJ did indicate that Miale is limited to simple tasks. In Paragraph 5, the ALJ found that Miale has the residual functional capacity ("RFC") to perform light work "except she is able to maintain attention and concentration for periods commensurate with simple unskilled tasks." R. 14. The ALJ also stated that Miale should avoid "more than simple decision making." R. 14. *See also* R. 61-62 (ALJ's hypothetical to VE included a limitation to "simple tasks" and "simple decision making").

On the other hand, in Paragraph 9 the ALJ found that "claimant has acquired work skills from past relevant work." R. 17. Similarly, in Paragraph 10 the ALJ found that "claimant has acquired work skills from past relevant work that are transferable to other occupations." R. 17. The ALJ cited the VE's opinion that although Miale could not perform her past work, she retained the RFC to perform work as a "retail marker, light." The ALJ concluded that although Miale's non-exertional limitations did not allow her to perform the full range of light work, her "transferable work skills" dictated a finding of "not disabled" pursuant to Grid Rule 202.07. R. 18.

After a thorough review of the record, including the parties' briefs, the ALJ's decision, and the transcript of the January 10, 2011 hearing, the Court concludes that this case must be remanded for further evaluation. The ALJ did not make an unambiguous, specific finding that Miale is limited to unskilled work. Nor did the ALJ provide any rationale for using Grid Rule 202.07 rather than Grid Rule 202.06. In light of the numerous references to Miale's transferable skills, the reference to Grid Rule 202.07 does not appear to be a typographical error. In sum, a finding of "disabled" is not warranted on this record. Further proceedings are required to provide

a precise and thorough basis for the ALJ's decision.

In accordance with the foregoing, DEFENDANT'S MOTION TO REMAND (Document No. 16) is **GRANTED**.  A separate judgment order will be issued and this case will be docketed closed.

SO ORDERED this 22nd  day of May, 2012.


                                                          BY THE COURT:

                                                          s/  Terrence F. McVerry
                                                          United States District Court Judge



cc:       Lindsay Fulton Osterhout, Esquire
            Email: lindsay@mydisabilityattorney.com

            Paul Kovac, Esquire
            Email: paul.kovac@usdoj.gov